IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALFA VISION INSURANCE CORPORATION                                                          PLAINTIFF

VS.                                  Case No. 2:17-cv-02066-PKH

ADELE AMAYA-MATA;
GERMAN MORA; CASTRULO ROBLES,
Individually and as Parent and Guardian of O. M.;
CENTENNIAL BANK TRUST DEPARTMENT,
as Personal Representative of the Estate of Yair Garza,
deceased; FEDERICO ALVARADO;
VALENTINO URIBE; CHRISTIAN F. MOYA;
CLAUDIA SALINAS, Individually and as
Parent and Guardian of G. A.;
STATE FARM FIRE & CASUALTY COMPANY                                                      DEFENDANTS

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Presently before the Court is the Second Motion for Default Judgment (ECF No. 49) filed on February 5, 2018 by Plaintiff, Alfa Vision Insurance Company ("Alfa"), and the Amended Second Motion for Default Judgment (ECF No. 53) filed by Alfa on February 22, 2018. The motions were referred to the undersigned on February 22 and 28, 2018, respectively, and they are ready for report and recommendation.

**I. Background**

Alfa filed its Complaint for Declaratory Judgment on April 26, 2017. (ECF No. 1). As the complaint improperly included information that should have been redacted under Fed. R. Civ. P. 5.2, the Court entered an Order (ECF No. 5) striking the complaint and directing the Plaintiff to file an amended complaint, properly redacted in compliance with Rule 5.2. Alfa filed its Amended Complaint for Declaratory Judgment (ECF No. 7) on April 27, 2017.

Alfa, an Alabama corporation authorized to do business in Arkansas, alleges that it issued an Arkansas private passenger automobile policy of insurance, Policy No. 11-03-007659951, to its named insured, Separate Defendant Adele Amaya-Mata ("Mata"), with a policy period of July 7, 2016 through January 7, 2017, insuring a 1994 Honda Accord LX, VIN No. J8CD5636RCO94816. (ECF No. 7, ¶ 12). Alfa alleges that on September 3, 2016 Mata's son, Separate Defendant German Mora ("Mora"), who was then a minor and has since reached the age of majority, and who was then a resident of Mata's household, was involved in a motor vehicle accident while driving the insured vehicle. (*Id.*, ¶ 13). Mora, it is alleged, did not have a valid, in force, operator's license or permit at the time of the motor vehicle accident. (*Id.*, ¶ 14). The motor vehicle accident occurred when Mora, who was fleeing from an Arkansas State Police Trooper on Midland Boulevard in Fort Smith, Sebastian County, Arkansas, at a high rate of speed, lost control of the insured vehicle and crashed into multiple other vehicles, as well as a home. (*Id.*, ¶ 15). As a result of the motor vehicle accident, damage was caused to the insured vehicle, as well as to motor vehicles owned by Separate Defendant Federico Alvarado ("Alvarado"), Separate Defendant Valentino Uribe ("Uribe"), and Separate Defendant Christian Moya ("Moya"). (*Id.*, ¶ 16).

Damage was also done to a home owned by Separate Defendant Claudia Salinas ("Salinas") located at 4239 Wirsing Avenue, Fort Smith, Arkansas. (*Id.*, ¶ 17). Salinas and G. A., a minor, were injured when the insured vehicle collided into the vehicles of Alvarado, Uribe and Moya, causing them to impact Salinas' home, resulting in interior damage to the home, including the room in which Salinas and G. A. were sleeping. (*Id.*, ¶ 18). Separate Defendant O. M. and Separate Defendant Yair Garza, deceased, were passengers in the insured vehicle at the time of the accident, and they suffered injuries and underwent medical treatment, resulting in medical bills being incurred. (*Id.*, ¶¶ 19, 20).

Based on exclusionary language contained in the subject policy of insurance, Alfa contends there is no coverage under its policy of insurance issued to Mata for any bodily injury or property damage proximately caused by the motor vehicle accident. (*Id.*, ¶ 21). More specifically, Alfa contends that Mora was not listed as a driver or operator on Mata's application for the policy (*Id.*, ¶ 23), and that Mora was operating the insured vehicle at the time of the accident without a valid, in force, operator's license or permit and, per the terms of the policy, he had no reasonable belief of entitlement to do so (*Id.*, ¶ 24).

Pursuant to A.C.A. §§ 16-111-101, *et. seq.*, and Fed. R. Civ. P. 57, Alfa seeks a declaratory judgment that there is no coverage under its policy of insurance for any bodily injury or property damage sustained by any party arising out of the September 3, 2016 motor vehicle accident, and Alfa further seeks a declaratory judgment that there is no duty on its part to provide a defense and/or indemnity to any party, including but not limited to, Mora and/or Mata, in the event any civil suit is filed against them. (*Id.*, ¶ 27).

Service of process was obtained on the Defendants as follows:

Mata was served on May 9, 2017. (ECF No. 9).

Separate Defendant Castrulo Robles was served on May 9, 2017. (ECF No's. 10, 11).

Moya was served on May 9, 2017. (ECF No. 12).

Salinas was served on May 9, 2017. (ECF No's. 13, 14).

Alvarado was served on May 9, 2017. (ECF No. 15).

Mora was served on May 9, 2017. (ECF No. 16).

Uribe was served on May 14, 2017. (ECF No. 17).

None of the above-named Defendants filed an answer or other responsive pleading. Default

as to said Defendants was entered by the Clerk on June 29, 2017. (ECF No. 30).

The estate of the Separate Defendant Yair Garza ("Garza"), deceased, had not been served, and Alfa's first Motion for Default Judgment (ECF No. 28) was denied without prejudice to its refiling in order to give Garza's estate the full opportunity to litigate the claim against him. (ECF No. 31). With leave of Court being granted (ECF No. 37), Alfa filed its Amended Complaint for Declaratory Judgment naming as a Separate Defendant Centennial Bank Trust Department, as Personal Representative of the Estate of Yair Garza. (ECF No. 38). With leave of Court again being granted (ECF No. 42), Alfa filed its Second Amended Complaint for Declaratory Judgment naming as a Separate Defendant Centennial Bank Trust Department, as Personal Representative of the Estate of Yair Garza, and also naming as a Separate Defendant State Farm Fire & Casualty Company who was the homeowner's insurance carrier for Moya at the time of the accident. (ECF No. 43). Centennial Bank was served by certified mail, restricted delivery, on September 18, 2017. (ECF No. 52). State Farm was served by certified mail, restricted delivery, on November 20, 2017. (ECF No. 46). Neither Centennial Bank nor State Farm filed an answer or other responsive pleading. Alfa filed Affidavits in Support of Default as to Centennial Bank and State Farm on February 2, 2018. (ECF No's. 47, 48). The Clerk has not yet entered default as to Centennial Bank and State Farm.

## II. Discussion

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), unless another time is specified by rule or statute, a defendant must serve an answer within 21 days after being served with the summons and complaint. None of the initial Defendants filed an answer or otherwise responded in this case, and they are all in default. On June 29, 2017, the Clerk entered default as to the following Defendants: Adele Amaya-Mata, German Mora, Castrulo Robles, Federico Alvarado, Valentino Uribe, Christian

F. Moya, and Claudia Salinas. (ECF No. 30). Since that time, Centennial Bank Trust Department, as Personal Representative of the Estate of Yair Garza, deceased, and State Farm Fire & Casualty Company, have been named as additional Defendants. Both have been properly served (ECF No's. 46, 52), and neither has filed an answer or responsive pleading. Affidavits in Support of Default were filed on February 2, 2018. (ECF No's. 47, 48).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk has already done so regarding the initial Defendants mentioned above, and it is recommended that the Clerk be directed to enter default as to the subsequently added Defendants, Centennial Bank Trust Department, as Personal Representative of the Estate of Yair Garza, deceased, and State Farm Fire & Casualty Company.

Entry of default by the Clerk is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 783 (8th Cir. 1998). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Nonetheless, before the Court may enter a default judgment setting forth the declaration Alfa seeks, it must be satisfied that the moving party is entitled to such judgment, on the basis of the sufficiency of the complaint and the substantive merits of Alfa's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). At that juncture, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation

omitted).  As Alfa's Second Motion for Default Judgment and Amended Second Motion for Default Judgment (ECF Nos. 49, 53) do not address Alfa's alleged entitlement to judgment, but merely to an entry of default against the non-responsive parties, it is recommended that the motions be denied at this time without prejudice to Alfa's right to file a properly supported motion for default judgment.

Additionally, as this case involves two defendant minors, the Court must also consider the safeguard set forth in Rule 55(b) that prevent an entry of default judgment against minors "unless represented in the action by a general guardian, committee, conservator, or other such representative **who has appeared** therein."  Fed. R. Civ. P. 55(b)(2) (emphasis added).

The Court notes that Castrulo Robles and Claudia Salinas were served, individually, and as parents and guardians of their respective minor children, O.M. and G.A., and they have failed to answer or otherwise appear in this action.  Accordingly, the Federal Rules prohibit the Court from entering a default judgment against these minor defendants unless and until guardians ad litem are appointed to represent the minors and file notices of appearance on their behalf.  *See, e.g. State Farm Fire and Cas. Co. v. Benson, et al*., 2007 WL 2176373 (W.D. Ark. July 26, 2007).  Once this requirement has been satisfied, written notice and a hearing should be accomplished pursuant to the requirements of Rule 55(b)(2) to determine whether Alfa is entitled to judgment based on the sufficiency of its Amended Complaint for Declaratory Judgment.

### IV.  Conclusion

For the reasons and upon the authorities discussed above, the Clerk of Court should be directed to enter default against Centennial Bank and State Farm, and it is recommended that Alfa's Second Motion for Default Judgment and Amended Second Motion for Default Judgment  (ECF Nos. 49, 53) be **DENIED WITHOUT PREJUDICE** as to Alfa's request for a default judgment.

It is further recommended that guardians ad litem be appointed to represent the minor defendants, O.M. and G.A. Finally, upon a properly supported motion for default judgment, written notice and a hearing should be accomplished pursuant to the requirements of Rule 55(b)(2) to determine whether Alfa is entitled to judgment based on the sufficiency of its Amended Complaint for Declaratory Judgment.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of March 2018.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE