UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALFA VISION INSURANCE CORPORATION          PLAINTIFF

VS.                No. 2:17-cv-02066-PKH-MEF

ADELE AMAYA-MATA;
GERMAN MORA; CASTRULO ROBLES,
Individually and as Parent and Guardian of O.M.;
CENTENNIAL BANK TRUST DEPARTMENT,
as Personal Representative of the Estate of Yair Garza,
deceased; FEDERICO ALVARADO;
VALENTINO URIBE; CHRISTIAN F. MOYA;
CLAUDIA SALINAS, Individually and as
Parent and Guardian of G.A.;
STATE FARM FIRE & CASUALTY COMPANY          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are the Third Motion for Default Judgment and supporting brief (ECF Nos. 65-66) filed on July 30, 2018 by Plaintiff, Alfa Vision Insurance Company ("Alfa"). None of the defendants have filed a responsive pleading. The motion was referred to the undersigned on July 31, 2018, and it is ready for report and recommendation.

### I.  Background

Alfa filed its Complaint for Declaratory Judgment on April 26, 2017.  (ECF No. 1).  As the complaint improperly included information that should have been redacted under Fed. R. Civ. P. 5.2, the Court entered an Order (ECF No. 5) striking the complaint and directing the Plaintiff to

1

file an amended complaint, properly redacted in compliance with Rule 5.2. Alfa filed its Amended Complaint for Declaratory Judgment on April 27, 2017. (ECF No. 7).

On June 28, 2017, Alfa filed a motion for default judgment which was denied without prejudice on July 13, 2017, to give Separate Defendant Yair Garza's estate the full opportunity to litigate the claim against him. (ECF Nos. 28, 31). With leave of the Court, Alfa filed amended complaints substituting the Centennial Bank Trust Department, as Personal Special Representative of the Estate of Yair Garza, deceased, on August 24, 2017, and adding State Farm Fire & Casualty Company as the homeowners' insurance carrier for Christian Moya on November 8, 2017. (ECF Nos. 38, 43).

On February 5, 2018, Alfa filed a Second Motion for Default Judgment (ECF Nos. 49-50), which was referred to the undersigned on February 16, 2018. On February 22, 2018, Alfa filed an amendment to its motion (ECF Nos. 53-54), which was also referred to the undersigned on February 28, 2018. On March 7, 2018, the undersigned issued a report and recommendation in connection with these two motions recommending the denial of the motions without prejudice and the Clerk of Court be directed to enter default against Centennial Bank and State Farm. (ECF No. 57). It was further recommended that guardians ad litem be appointed to represent the minor defendants, O.M. and G.A. *Id*. Chief U.S. District Judge P. K. Holmes, III adopted the report and recommendation on March 12, 2018. (ECF No. 58).

On April 23, 2018, the undersigned appointed counsel as guardians ad litem to represent the minor defendants, O.M. and G.A., in compliance with the safeguard in Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 61). On July 30, 2018, Alfa filed the instant Third Motion for Default Judgment and supporting brief. (ECF Nos. 65-66). None of the Defendants

have answered the Second Amended Complaint or filed a response to the motion, and the Clerk has entered a default against all Defendants. (ECF Nos. 30, 60, 67).

## II. Discussion

In its Motion, Alfa moves the Court for a default judgment against all Defendants. (ECF Nos. 65-66). Specifically, pursuant to A.C.A. §§ 16-111-101, *et. seq.*, and Fed. R. Civ. P. 57, Alfa seeks a declaratory judgment that there is no coverage under its policy of insurance for any bodily injury or property damage sustained by any party arising out of the September 3, 2016, motor vehicle accident, and Alfa further seeks a declaratory judgment that there is no duty on its part to provide a defense and/or indemnity to any party, including but not limited to, Mora and/or Mata, in the event any civil suit is filed against them. *Id*.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). None of the Defendants have answered or otherwise defended in this matter, and the Clerk has entered default against each Defendant. Entry of default by the Clerk is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) (stating that any "allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied"). Nonetheless, before the Court may enter a default judgment setting forth the declaration Alfa seeks, it must be satisfied that the moving party is entitled to such judgment on the basis of the sufficiency of the complaint and the substantive merits of Alfa's

claim. *See Murray*, 595 F.3d at 871 (internal citation omitted).  At that juncture, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.*

Based upon the default of the Defendants in this action, and for purposes of the instant motion seeking default judgment, the following facts from Alfa's Second Amended Complaint for Declaratory Judgment are deemed admitted by the Defendants.

Alfa issued an Arkansas private passenger automobile policy of insurance, Policy No. 11-03-007659951, to its named insured, Separate Defendant Adele Amaya-Mata ("Mata"), with a policy period of July 7, 2016 through January 7, 2017, insuring a 1994 Honda Accord LX, VIN J8CD5636RCO94816.  (ECF No. 43, ¶ 13).  On September 3, 2016, Mata's son, Separate Defendant German Mora ("Mora"), who was then a minor and has since reached the age of majority, and who was then a resident of Mata's household, was involved in a motor vehicle accident while driving the insured vehicle.  (*Id.*, ¶ 14).  Mora did not have a valid, in force, operator's license or permit at the time of the motor vehicle accident.  (*Id.*, ¶ 15).  The motor vehicle accident occurred when Mora, who was fleeing from an Arkansas State Police Trooper on Midland Boulevard in Fort Smith, Sebastian County, Arkansas at a high rate of speed, lost control of the insured vehicle and crashed into multiple other vehicles, as well as a home.  (*Id.*, ¶ 16).  Damage was caused to the insured vehicle, as well as to motor vehicles owned by Separate Defendant Federico Alvarado ("Alvarado"), Separate Defendant Valentino Uribe ("Uribe"), and Separate Defendant Christian Moya ("Moya").  (*Id.*, ¶ 17).

Damage was also done to a home owned by Separate Defendant Claudia Salinas ("Salinas") located at 4239 Wirsing Avenue, Fort Smith, Arkansas.  (*Id.*, ¶ 18).  Salinas and G. A., a minor, were injured when the insured vehicle collided into the vehicles of Alvarado, Uribe and

4

Moya, causing them to impact Salinas' home, resulting in interior damage to the home, including the room in which Salinas and G. A. were sleeping. (*Id*., ¶ 19). Separate Defendant O. M. and Separate Defendant Yair Garza, deceased, were passengers in the insured vehicle at the time of the accident, and they suffered injuries and underwent medical treatment, resulting in medical bills being incurred. (*Id*., ¶¶ 20, 21). Mora was not listed as a driver or operator on Mata's application for the policy (*Id*., ¶ 24), and he was operating the insured vehicle at the time of the accident without a valid, in force, operator's license or permit and, per the terms of the policy, he had no reasonable belief of entitlement to do so (*Id*., ¶ 25).

  Alfa contends there is no coverage under its insurance policy issued to Separate Defendant Adele Amaya-Mata for any bodily injury, wrongful death and/or property damage proximately caused by the September 3, 2016 accident, including a subrogation claim made by State Farm to Alfa for monies it paid to Separate Defendant Moya pursuant to his homeowner's insurance claim. Alfa further contends it has no duty to defend and/or indemnify Separate Defendants Mata and/or Mora in the event any suit is filed against either and/or both arising out of the accident and seeks a declaration from this Court to that effect. The Court must determine whether Alfa is entitled to judgment based on the sufficiency of its Second Amended Complaint for Declaratory Judgment. (ECF Nos. 65-66).

  Alfa seeks a Declaratory Judgment pursuant to Ark. Code Ann. §§ 16-111-101, et seq., and Rule 57 of the Federal Rules of Civil Procedure. Alfa's policy of insurance issued to Separate Defendant Adele Amaya-Mata provided for the payment of damages for "bodily injury" or "property damage" for which an insured becomes legally responsible because of an auto accident and defines "insured" as any "family member." The policy contains exclusionary provisions for any "insured" using a vehicle without a reasonable belief of entitlement to do so. The clause

5

further states that an insured operating a motor vehicle without a valid, in force, operator's license or permit cannot reasonably believe that he or she is entitled to operate a motor vehicle.

The relevant, unchallenged facts in Alfa's Second Amended Complaint for Declaratory Judgment (ECF No. 43) include that Separate Defendant Mora was driving the insured vehicle at the time of the accident without a valid driver's license and he was not listed on Separate Defendant Mata's application for coverage with Alfa. Based upon the exclusionary provisions contained in the insurance policy issued by Alfa to Separate Defendant Mata and the facts deemed admitted by the defaulting defendants in this action, the undersigned finds there is no coverage under the policy for any damages arising from the September 3, 2016 accident, and Alfa has no duty to defend and/or indemnify Separate Defendants Mata and/or Mora for any potential claims arising out of the accident.

### IV. Conclusion

Upon consideration of the Second Amended Complaint and the substantive merits of Alfa's request for declaratory judgment, the undersigned concludes that Plaintiff's Second Amended Complaint adequately alleges and supports the declaratory relief sought. Therefore, the entry of a default judgment pursuant to Rule 55(b)(2) is proper. It is recommended that Alfa's Third Motion for Default Judgment (ECF No. 65) be **GRANTED** and a final judgment entered as to the requested declaratory relief.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of October 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE